"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GENEVIEVE MITCHELL, ) | Case No. CV 05-5014-MLG |
| ) | |
| Plaintiff, ) | ORDER REVERSING DECISION |
| ) | OF COMMISSIONER |
| v. ) | |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of the ) | |
| Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

The Court now finds as follows with respect to the disputed issues listed in the Joint Stipulation ("Jt Stip").[1]

1. <u>The Administrative Law Judge's ("ALJ") finding that Plaintiff's mental impairments are non-severe is not supported by substantial evidence.</u>

The Court agrees with Plaintiff that remand is warranted based on the ALJ's erroneous finding that her mental impairment non-severe

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

because that decision is not supported by substantial evidence. (JS at 9-13).  The existence of a severe impairment is demonstrated when the evidence establishes that an impairment has more than a minimal effect on an individual's ability to perform basic work activities. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); 20 C.F.R. §§ 404.1521(a), 416.921(a).  The regulations define "basic work activities" as "the abilities and aptitudes necessary to do most jobs," which include physical functions such as walking, standing, sitting, pushing, carrying; capacities for seeing, hearing and speaking; understanding and remembering simple instructions; responding appropriately in a work setting; and dealing with changes in a work setting. 20 C.F.R. § 404.1521(b).  The inquiry at this stage is "a de minimis screening device to dispose of groundless claims." *Smolen*, 80 F.3d at 1290 (citing *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987)).  An impairment is not severe only if it is a slight abnormality with "no more than a minimal effect on an individual's ability to work." *See* SSR 85-28; *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988).

    Plaintiff's mental impairment, while perhaps not preclusive of all work activity, has been demonstrated to have more than a minimal effect of Plaintiff's ability to perform work related activities.  Since June of 2001, treating psychiatrists, psychologists and social workers have found that Plaintiff suffers from a depressive disorder for which she has consistently sought treatment and has been prescribed medications. (AR 98-122; 211-245, 192-196).  She was diagnosed in 2002 with major depression with psychotic features and it has been suggested that she may require hospitalization. (AR 242, 273).  The consultative examiner found that Plaintiff suffered from a major depressive episode, moderate and chronic. (AR 195-96).  Her ability to perform work related functions

1  was deemed limited by a moderate difficulty interacting with the public.
2  (AR 196). Given the minimal threshold required to show that an
3  impairment is severe, the ALJ's determination that Plaintiff's mental
4  impairments are not severe was not supported by substantial evidence.
5  Accordingly, the ALJ's failure to find Plaintiff's mental impairment
6  severe warrants remand for further proceedings and evaluation.

8  2.   <u>The ALJ properly made specific findings which justified his</u>
9       <u>decision to reject Plaintiff's credibility.</u>
10      As to the second disputed issue, the Court agrees with the
11 Commissioner that the ALJ's credibility determination was properly made.
12 The ALJ provided "clear and convincing" reasons for rejecting
13 Plaintiff's testimony. The ALJ noted that, contrary to Plaintiff's
14 testimony of severe medicinal side effects, the medical record contained
15 "no evidence of severe medication side effects." (AR at 28; *Nyman v.*
16 *Heckler*, 779 F.2d 528, 531 (9th Cir. 1986)(a claimant's self-serving
17 statements may be disregarded to the extent they are unsupported by
18 objectie findings)). Similarly, Plaintiff's testimony that she beleives
19 that she is constantly being followed is not reflected in the medical
20 record. (AR at 27-28). Additionally, Plaintiff did not testify "about
21 her drug and alcohol use" which the medical record clearly identifies as
22 a continuing problem and the ALJ did not err in relying on this omission
23 as a reason for rejecting Plaintiff's testimony. (AR at 28, 211-16,
24 281). Accordingly, the Court finds that the ALJ provided "clear and
25 convincing" reasons for rejecting Plaintiff's testimony. *Rollins v.*
26 *Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Smolen v. Chater*, 80 F.3d
27 at 1281.
28 \\

**Order**

Remand is appropriate in this case for a determination of whether Plaintiff is capable of performing any work in the economy in light of her psychological impairment in combination with the physical limitations resulting from her symptomology post-status breast cancer. IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security, and remanding this matter for further administrative proceedings consistent with this Order.

DATED: May 4, 2006

*/S/ Marc L. Goldman*
_____
Marc L. Goldman
United States Magistrate Judge